Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2943 | **DATE** | 5/30/2002 |
| **CASE TITLE** | RICHARD ROTHMAN vs. SUPREME COURT OF ILLINOIS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. The Supreme Court defendants' motion to dismiss is granted. Counts I through III are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 31 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CDY | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAY 31 2002

| | |
|---|---|
| RICHARD ROTHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUPREME COURT OF ILLINOIS; MOSES W. ) | No. 02 C 2943 |
| HARRISON II, in his Official Capacity as Chief ) | |
| Justice of the Illinois Supreme Court; SHELDON ) | Judge John W. Darrah |
| C. GARBER, in his Official Capacity as Judge of the ) | |
| Circuit Court of Cook County, Illinois; and the ) | |
| CIRCUIT COURT OF COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Richard Rothman ("Rothman"), brought a multi-count complaint for declaratory and injunctive relief against Defendants, the Supreme Court of Illinois and Moses W. Harrison II, as Chief Justice of the Illinois Supreme Court (Supreme Court Defendants); Circuit Court Judge Sheldon C. Garber ("Judge Garber"); and the Circuit Court of Cook County, Illinois ("Circuit Court"). Count I alleges that the Supreme Court Defendants violated 42 U.S.C. § 1983 when it suspended his law licence; Counts II and III allege the Supreme Court Defendants violated the American with Disabilities Act ("ADA") when it suspended his law licence. Count IV alleges that the Circuit Court violated the ADA by systematically denying procedural due process to Rothman's clients based on their association with Rothman. Count V alleges that Judge Garber violated 42 U.S.C. § 1983 because it is the policy of the courtrooms under Garber's supervision to allow judges to regularly violate the constitutional rights of Rothman's clients by denying them due process. Presently before the Court is the Supreme Court Defendants' Motion to

Dismiss. Rothman did not file a response in opposition to the motion.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the First Supplemental Complaint for Declaratory, Injunctive, and Legal Relief; the Complaint for Declaratory and Injunctive Relief; and the Motion to Approve and Confirm Pursuant to Supreme Court Rule 753(d)(2)[1] support the following summary of the alleged conduct of the parties.

Rothman was admitted to practice law in the State of Illinois in November 1992. Rothman's law practice includes many disability rights cases.

In September 2000, the Administrator of the Attorney Registration and Disciplinary Commission ("ARDC") filed a four-count complaint against Rothman. The complaint alleged that Rothman charged an unreasonable fee, overreached his attorney-client relationship, made a false statement to the ARDC in connection with a real estate transaction, made a false statement to a tribunal, and filed a false charge with the ARDC against an Assistant State's Attorney. A hearing was held on June 11, 2001, where Rothman appeared *pro se*. At the hearing, the charge that Rothman made a false statement to the ARDC with regard to a real estate transaction was dismissed.

---

[1]On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

2

On September 13, 2001, the Hearing Board filed its report and recommendation. The Hearing Board found that the ARDC had proven that Rothman had charged an unreasonable fee, overreached his attorney-client relationship, and filed a false charge against an Assistant State's Attorney. The Hearing Board recommended that Rothman's law licence be suspended for six months. Rothman filed a notice of exceptions to the Hearing Board's report; however, he failed to file a brief with the Review Board. On January 10, 2002, the Review Board allowed the ARDC's motion to strike Rothman's exceptions pursuant to ARDC Rule 302(j).

On January 17, 2002, the ARDC filed a motion to approve and confirm the Hearing Board's findings with the Illinois Supreme Court. In the motion, the ARDC stated that a six-month suspension was consistent with the Illinois Supreme Court's precedent. On March 22, 2002, the Illinois Supreme Court denied the ARDC's motion and suspended Rothman from the practice of law for nine months.

The Supreme Court Defendants argue that the claims against them should be dismissed pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (*Rooker*) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Feldman*). The doctrine provides that lower federal courts lack subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (*Edwards*). The doctrine applies to claims that were actually raised before the state court and claims that are inextricably intertwined with the state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*).

In assessing the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment". *Long*, 182 F.3d at 555, quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998) (*Centres*). If the alleged injury of the federal plaintiff "is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply". *Centres*, 148 F.3d at 702. To determine whether the alleged injury is inextricably intertwined, the court focuses on whether the federal court is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729.

In the instant case, the Illinois Supreme Court denied the ARDC'S motion and suspended Rothman's law licence for nine months. This order constituted a final state court decision and terminated the state proceedings. *See Edwards*, 261 F.3d at 729. Rothman did not file a motion to stay the suspension before the Illinois Supreme Court or file a claim before the United States Supreme Court to contest the discipline. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) (*Johnson*) (plaintiff should have filed his claims contesting attorney discipline before the Illinois or United States Supreme Court–the district court did not have subject matter jurisdiction over the claims). Rothman presently claims that the Supreme Court Defendants violated Section 1983 because they did not find that he committed misconduct and still suspended his law licence and violated the ADA because he is disabled under the statute and that the suspension of his law licence deprives him of property rights without due process of law. These claims are inextricably intertwined with the state court decision, as they would require this court to review the state court decision. Accordingly, this court lacks subject matter jurisdiction

4

over these claims. *See Edwards,* 261 F.3d at 729; *Johnson,* 165 F.3d at 1141.

Assuming argumendo, that Rothman's claims are not barred by the *Rooker-Feldman* doctrine, the claim against th Supreme Court is barred by the Eleventh Amendment.

Generally, the Eleventh Amendment bars federal courts from exercising jurisdiction over federal claims against a state and state officials. *See Pennhurst State School v. Halderman,* 465 U.S. 159, 166 (1984); *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). However, an exception to the Eleventh Amendment bar exists if the plaintiff is seeking prospective injunctive relief from state officials to remedy an alleged present violation of a federal statute. *See Ex parte Young,* 209 U.S. 123, 159-60 (1908). This exception applies only to state officials; it does not apply to suits against a state or a state agency. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993).

Here, Rothman alleges in his Section 1983 claim that this Court can redress the suspension order because it has a prospective effect. Rothman does not indicate what constitutes the prospective effect. In his prayer for relief, Rothman seeks to enjoin the Supreme Court Defendants to reinstate his law licence, in essence, seeking mandatory injunctive relief that the Supreme Court Defendants be restrained from enforcing an order that Rothman alleges is in contravention of controlling federal law. Such relief appears to be prospective in nature. *See Prentis v. Atlantic Coast Line Co.,* 211 U.S. 210, 230 (1908). Therefore, the exception to the Eleventh Amendment bar applies to Moses W. Harrison II but does not apply to the Illinois Supreme Court; and the claims against the Illinois Supreme Court are dismissed on this alternate ground.

For the foregoing reasons, the Supreme Court Defendants' Motion to Dismiss is granted. Counts I through III are dismissed with prejudice.

Dated: May 30, 2002

_____
JOHN W. DARRAH
United States District Judge